STATE OF VERMONT
ENVIRONMENTAL COURT

|  | } |  |
|---|---|---|
| **Woodchip Power Plant Appeal** | } | **Docket No. 91-4-06 Vtec** |
| **(Act 250 Jurisdictional Opinion #2-234)** | } |  |
|  | } |  |

## Decision and Order

Appellant Access Ludlow Clean Energy, LLC ("Appellant"), as proponent of a proposed woodchip-burning electric generation plant, appealed from a Jurisdiction Opinion of the District Coordinator for the District 2 Environmental Commission dated February 16, 2006, determining that Appellant's proposed energy plant in the Town of Ludlow will require amendments to existing Act 250 permits. Appellant is represented by Edward V. Schwiebert, Esq.; the Natural Resources Board ("NRB") intervenes and is represented by John H. Hasen, Esq.; and the Department of Public Service ("DPS") intervenes and is represented by Aaron Adler, Esq.

Now pending before the Court is Appellant's unopposed motion for summary judgment on Questions 4 and 5 of its Statement of Questions. DPS joins in Appellant's motion for summary judgment. NRB has advised that it does not intend to file a memorandum in response to Appellant's motion. For the reasons stated below, we conclude that Appellant's motion should be granted.

## Factual and Regulatory Background

The following facts are uncontested.[1]

1.    Appellant proposes to construct an electric generating facility fueled by woodchips in the Town of Ludlow, on a 20± acre tract of land located on the southerly side of Soapstone Brook, a tributary to the Black River.

2.    For the purposes of the instant motion, the proposed project site is assumed to be part of the Dean Brown Industrial Park, located northerly of Soapstone Brook.

3.    The Dean Brown Industrial Park is subject to Land Use Permits #2S0232 and #2SO467 and amendments thereto.

---

[1]  Both NRB and DPS have informed the Court by separate filings that they do not oppose Appellant's statement of material facts.

4.	The construction and operation of the proposed woodchip power plant will require the issuance of a certificate of public good by the Public Service Board pursuant to 30 V.S.A. § 248.

5.	For the purposes of the instant motion, the proposed project is assumed to constitute a material change to the previously permitted Dean Brown Industrial Park.

### Discussion

Appellant moves for summary judgment on Questions 4 and 5 of its Statement of Questions.  Question 4 asks:

> Whether Act 250 jurisdiction exists over a project that specifically constitutes the construction of improvements for an electric generation facility that requires a certificate of public good under 30 V.S.A. § 248 and, therefore, is excluded from the definition of "development" [under] 10 V.S.A. § 6001(3)(D)?

Question 5 asks:

> Whether the District Coordinator erred in concluding that Act 250 jurisdiction exists in the present circumstances involving a project that specifically constitutes the construction of improvements for an electric generation facility that requires a certificate of public good under 30 V.S.A. § 248 and, therefore, is excluded from the definition of "development" [under] 10 V.S.A. § 6001(3)(D)?

The instant motion presents essentially the same legal issue that was before this Court in Glebe Mountain Wind Energy, LLC, Docket No. 234-11-05 Vtec (Vt. Envtl. Ct., Aug. 3, 2006).[2] Indeed, the Jurisdictional Opinion appealed from here states that "[t]he issue of the need for both an Act 250 permit and a certificate of public good [under 30 V.S.A. § 248] . . . has recently been raised in the Glebe Mountain wind project. . . . The [Glebe Mountain] jurisdictional opinion is now on appeal before the Environmental Court and it will likely be some time before a final jurisdictional ruling is issued."  Jurisdiction Opinion #2-234, at 1.

The issue presented by both Glebe Mountain and the instant motion is this: does the construction of a § 248 project on lands already encumbered by Act 250 permit conditions require an Act 250 permit amendment pursuant to former Environmental Board Rule (EBR) 34,[3]

---

[2]  Our original decision in Glebe Mountain was issued on May 18, 2006.  We subsequently granted in part NRB's motion to reconsider and issued a Revised Decision on Cross-Motions for Summary Judgment on August 3, 2006, removing advisory dicta regarding secondary impacts.  All citations to Glebe Mountain in the present Decision are to the Aug. 3rd Revised Decision on Cross-Motions for Summary Judgment.

[3]  The former Environmental Board Rules have been supplanted by the Act 250 Rules promulgated by the Natural Resources Board, effective May 1, 2006.  We look to the former Environmental Board Rules as they existed on

where such construction will cause material or substantial changes to development previously permitted under Act 250.

This Court addressed the above issue at length in <u>Glebe Mountain</u>. We do not see the need to repeat that analysis here. Because the District Coordinator's Jurisdictional Opinion in the instant appeal was issued prior to our decision in <u>Glebe Mountain</u>, the District Coordinator could not benefit from our conclusion that "Act 250 jurisdiction under EBR 34 does not attach to electric generation facilities that are located on lands encumbered by pre-existing Act 250 permits." <u>Glebe Mountain</u> at 15. That conclusion applies as well to the uncontested facts of this appeal. Therefore, Appellant's Question 4 must be answered in the negative and Appellant's Question 5 must be answered in the affirmative.

Accordingly, it is hereby ORDERED and ADJUDGED that Appellant's motion for summary judgment is **GRANTED** as to Questions 4 and 5 in Appellant's Statement of Questions. In so ruling, we specifically conclude that Act 250 jurisdiction does not exist over the construction of improvements for an electric generation facility requiring a certificate of public good under 30 V.S.A. § 248.

Appellant has preserved eight other issues for our review by its Statement of Questions. However, our determination on Questions 4 and 5, that the proposed electric generation project is exempt from Rule 34 amendment jurisdiction, renders moot the remaining factual and legal issues posed by Appellant. We therefore conclude that Jurisdictional Opinion #2-234 is **REVERSED**, thereby concluding this appeal.

Pursuant to the discretion conferred by V.R.C.P. 58, the undersigned directs that this Decision shall also constitute the Judgment Order in this appeal.

Done at Berlin, Vermont this 30th day of January, 2006.

_____
Thomas S. Durkin, Environmental Judge

---

February 16, 2006, because we are required to apply the substantive standards that were applicable before the tribunal appealed from, pursuant to 10 V.S.A. § 8504(h).